# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROBERT LEE WRIGHT III,**
**D.O.C. # D-U01281,**

    Plaintiff,

vs.                                    CASE NO. 4:24-cv-370-TKW-MAF

USA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is a pro se prisoner and serial litigant, submitted a civil rights complaint, ECF No. 1, on September 11, 2024. He has not paid the filing fee or filed a motion for in forma pauperis (IFP) status. Even if Plaintiff had filed an IFP motion, it would not be reviewed. That is because Plaintiff is well known to this Court as a three-striker under the Prison Litigation Reform Act (PLRA). In the past 9 months, Plaintiff has filed at least 22 cases.[1]

---

[1] Judicial notice is taken of the following cases filed by Plaintiff since January 2024: 4:24-cv-00006-MW-MAF (dismissed on 3/3/24 for failure to comply with court orders); 4:24-cv-00011-AW-MAF(dismissed on 3/25/24 for failure to comply with court orders); 4:24-cv-00012-MW-MAF (dismissed on 3/20/24 as frivolous and for failure to comply with court orders); 4:24-cv-00017-WS-MAF (dismissed on 4/9/24 as malicious and for failure to comply with court orders; appeal dismissed on 5/17/24 for failure to pay the filing fee); 4:24-cv-00051-AW-MAF (dismissed on 4/28/24 for failure to comply with court orders); 4:24-cv-00060-WS-MAF (dismissed on 4/25/24 for failure to comply with court orders); 4:24-cv-00088-MW-MAF (dismissed on 5/24/24 for failure to comply with court orders); 4:24-cv-00107-AW-MAF (dismissed on 5/17/24 for failure to comply with court orders); 4:24-cv-00108-WS-MAF (dismissed on 6/24/24 for failure to comply with court orders); 4:24-cv-00132-WS-MJF (dismissed on 4/30/24 for failure to state a claim;

Sometimes Plaintiff's complaints have been on the court form as required by the Local Rules, but sometimes they have not. This case was initiated by the submission of a handwritten "complaint" on notebook paper. If Plaintiff used the court form, he would have had to disclose all prior cases he has filed and inform the Court if he has accumulated "three strikes." Such disclosures are necessary because the PLRA prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Judicial notice is taken that Plaintiff has had three prior cases dismissed for reasons which count as a "strike" under § 1915(g).

---

appeal dismissed on 6/17/24 for failure to pay the filing fee and failure to comply with court rules); 4:24-cv-00142-MW-MJF (pending order on recommended dismissal for failure to comply with court orders filed 8/6/24); 4:24-cv-00155-WS-MAF (dismissed on 5/24/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00212-WS-MAF (dismissed on 7/6/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00235-MW-MAF (dismissed on 6/26/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-296-MW-MAF (dismissed on 8/22/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00310-MW-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) filed 8/12/24); 4:24-cv-321-MCR-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) filed 8/19/24); 4:24-cv-314-WS-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) and as frivolous, with sanctions, filed 8/27/24); 4:24-cv-320-MCR-MJF (filed 8/13/24); 4:24-cv-351-TKW-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) and as frivolous, filed 9/4/24); 4:24-cv-371-WS-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) and as frivolous, filed 9/17/24).

On January 10, 2024, Plaintiff filed case number 4:24-cv-12-MW-MAF in this Court. It was dismissed March 20, 2024 both as frivolous and for failure to comply with a court order. ECF No. 11 of that case. That dismissal counts as Plaintiff's first strike.

Also on January 10, 2024, Plaintiff filed case number 4:24-cv-17-WS-MAF in this Court. It was dismissed on April 9, 2024, "as a shotgun pleading, as malicious based on [Plaintiff's] affirmative misrepresentations regarding his litigation history, for failure to comply with court orders, and for failure to pay the filing fee." ECF No. 26 of that case. That dismissal counts as Plaintiff's second strike.

On March 18, 2024, Plaintiff filed case number 4:24-cv-132-WS-MJF in this Court. It was dismissed on April 30, 2024 because Plaintiff's complaint failed to state a claim. ECF No. 19 at that case. That dismissal counts as Plaintiff's third strike.

All three cases cited above were filed while Plaintiff was a prisoner. Therefore, because Plaintiff has three strikes, he is not entitled to proceed without paying the filing fee at the time of case initiation unless he alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). There is no such allegation in his complaint, ECF No. 1.

In this case, Plaintiff seeks to sue the United States of America. <u>Id.</u> His complaint is nonsensical. His statement of facts alleges, "claimer of paying Federal Prison Litigations to [a] State Prison located location 218 on April Fools Day. That's illegal." <u>Id.</u> at 1. He also references a separate case, stating, "See case # 4:24-cv-132-WS-MJF (2024), without [a] conclusion of litigation in or without a trial of release or release of all claims." <u>Id.</u> His requested relief is, "Lawsuit grants conclusion for litigations with trial. Woo." <u>Id.</u> The case referenced by Plaintiff—also discussed *supra* as Plaintiff's third strike—was dismissed on April 30, 2024 for failure to state a claim because he attempted to sue a federal judge for acting within his judicial capacity.[2] <u>See</u> ECF Nos. 19, 20 of that case. Plaintiff's appeal was dismissed by the 11th Circuit on June 17, 2024. <u>See</u> ECF No. 33 of that case.

This case should be summarily dismissed under § 1915(g) because Plaintiff did not pay the filing fee at the same time the complaint was submitted, and as a "three striker," Plaintiff is not entitled to belatedly pay the filing fee. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." <u>Id.</u> Additionally, the complaint should be dismissed with prejudice

---

[2] The report recommending dismissal was filed March 25, 2024. <u>See</u> ECF No. 5 of 4:24-cv-132-WS-MJF. Given mailing delays, it is possible Plaintiff did not receive the report until April 1st. The report and its recommendation, however, was not an April Fool's joke.

because it has no basis in law or fact, is frivolous, and fails to state a claim upon which relief can be granted.[3] Any amendment would be futile. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED with prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g) and as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida on September 16, 2024.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections**

---

[3] The Eleventh Circuit has consistently affirmed dismissal with prejudice of frivolous complaints. See, e.g., Broner v. Washington Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007); Austin v. Judge, 851 F. App'x 173, 175 (11th Cir. 2021); Nails v. Franklin, 279 F. App'x 899, 901 (11th Cir. 2008); Hernandez v. Palm Beach Cnty. State Att'y, No. 23-11024, 2023 WL 9642821, at *2 (11th Cir. Aug. 31, 2023), cert. denied, 144 S. Ct. 1121, 218 L. Ed. 2d 355 (2024).

**within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**

4:24-cv-370-TKW-MAF